UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN HERON,

        Plaintiff,

v.                        Case No. 8:05-cv-1506-T-24MAP

CHARLES SMITH,

        Defendant.
_____/

## **ORDER**

    This cause comes before the Court on the Plaintiff's Motion for Temporary Restraining Order (Doc. No. 1).

    In order to justify the issuance of a preliminary injunction, the movant must establish:

(1)    a substantial likelihood of prevailing on the merits;

(2)    an irreparable injury if the injunction does not issue;

(3)    a threatened injury to [the movant] that is greater than any damage the preliminary injunction would cause the [opposing party]; and

(4)    the absence of any adverse effect on the public interest in the injunction issues.

See Café 207, Inc. v. St. Johns County, 989 F.2d 1136, 1137 (11th Cir. 1993).  The issuance of a preliminary injunction is a drastic remedy, and the moving party "bears the burden to clearly establish the four prerequisites." Id.

    A party seeking the issuance of a temporary restraining order must prove the same four factors listed above.  See M.D. Fla. R. 4.05(b)(4).  In addition, a temporary restraining order without notice will only be granted if:

(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

(2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b); see also M.D. Fla. R. 4.05(b)(4)(ii) (requiring that brief submitted in support of motion for temporary restraining order address reason why notice cannot be given).

The Plaintiff in this case has failed to establish the elements necessary for the Court to issue a temporary restraining order. Specifically, Plaintiff has failed to demonstrate a likelihood of success on the merits in that he has not set forth facts sufficient to establish the this Court has subject matter jurisdiction. In addition he has not established that venue is proper in the Middle District of Florida.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order (Doc. No. 1) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, at 6:00 p.m. on this 12th day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Pro Se Plaintiff